NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0406n.06

No. 16-4703

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| MEGHAN CREECH, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Jul 13, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| HONORABLE CHARLES PATER; | ) | COURT FOR THE SOUTHERN |
| DETECTIVE GARY COUCH, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE:    ROGERS, COOK, and STRANCH, Circuit Judges.

ROGERS, Circuit Judge.  Meghan Creech brought this § 1983 suit against an Ohio judge and an Ohio police officer, alleging that the judge retroactively signed the "command page" of a search warrant, the officer's execution of which had already yielded incriminating evidence that led to Creech's arrest, incarceration, and indictment.  Creech concedes that the search warrant was supported by probable cause, but argues that the defendants' illegal actions destroyed probable cause, and that her continued incarceration from then was detention without probable cause in violation of her Fourth Amendment rights.  The district court properly dismissed the suit because none of the challenged conduct—the judge's original non-signature or the judge's later retroactive signature—amounted to a constitutional, as opposed to state law, violation.  Also, judicial immunity independently bars the suit against the judge.

Accepting as true all of their well-pleaded factual allegations, *e.g.*, *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), the complaint and the amended complaint state the following.

Detective Gary Crouch is an officer of the Hamilton Police Department in Ohio. Judge Charles Pater is a judge of the Common Pleas Court of Butler County, Ohio.

On July 29, 2015, Detective Crouch asked Judge Pater to issue a search warrant for Meghan Creech's residence. Judge Pater determined that probable cause justified the warrant's issuance. Judge Pater therefore signed the warrant, but Judge Pater neglected to sign the warrant's "command page." Creech does not allege that Judge Pater's omission was anything other than an oversight or that Detective Crouch was at the time aware of the omission.

On July 31, 2015, Detective Crouch searched Creech's residence and found evidence of felonious criminal activity. Creech was arrested and incarcerated. She stayed in jail after failing to post bond.

Before August 7, 2015, Detective Crouch noticed that Judge Pater had not signed the warrant's command page. Detective Crouch alerted Judge Pater to the omission. Judge Pater asked if the search had already occurred, and Detective Crouch replied that it had. Judge Pater signed the command page, and Detective Crouch backdated the signature. Furthermore, at Creech's preliminary hearing on August 7, 2015, Detective Crouch testified and did not mention Judge Pater's belated signing of the warrant's command page.

Meanwhile, Creech stayed in jail for a total of about four months. A grand jury indicted her on September 23, 2015. Then, on October 16, 2015, after her new lawyer noticed irregularities in the warrant, Creech filed a motion to suppress the evidence from the search. On November 24, 2015, Creech was released from jail on an own-recognizance bond.

On December 17, 2015, an Ohio court held a hearing on the motion to suppress. Both Judge Pater and Detective Crouch testified. Detective Crouch testified that he had indeed noticed Judge Pater's omission after the search had occurred, that he thereafter told Judge Pater of the omission, and that Judge Pater signed the command page after Detective Crouch confirmed that the search had already occurred. Judge Pater disavowed specific memory of this search warrant and his retroactively signing its command page, but confirmed that he has over the years signed many warrants, some of which were brought by Detective Crouch.

On December 28, 2015, the Ohio court granted Creech's motion to suppress. The state later dropped its prosecution of Creech.

Creech then brought this § 1983 suit against Detective Crouch and Judge Pater. As to Detective Crouch, Creech claims that the officer's failure promptly to disclose the non-signature of the command page caused Creech's continued incarceration, violating her Fourth Amendment right to be free from "continued detention without probable cause." Creech also claims that Judge Pater's retroactively signing the command page was done "with a patent and unambiguous lack of subject matter jurisdiction," that the conduct was "arbitrary or conscience[-]shocking in a constitutional sense," and that the conduct therefore violated Creech's substantive due process rights.

The district court dismissed the suit. As to Detective Crouch, the district court reasoned first that Judge Pater's failure contemporaneously to sign the command page was "not exculpatory," because the failure "ha[d] nothing to do with whether [Creech] was guilty or innocent," but related instead "to whether state criminal procedure was followed." Because the omission was not exculpatory, the district court further reasoned, Detective Crouch's failure promptly to disclose the omission also did not go to "probable cause to detain [Creech]," but

rather raised the issue "whether state rules of criminal and judicial procedure required [Creech's] release when Detective Crouch learned that the [command page] was unsigned." The district court concluded: "Even if Detective Crouch violated state law procedural requirements, such requirements are not grounded in the Fourth Amendment and do not give rise to a cause of action under Section 1983." As to Judge Pater, the district court reasoned that he was entitled to judicial immunity because "executing a search warrant is an act that only a judge could perform," regardless of whether Judge Pater's retroactively signing the search warrant in this case was improper. The district court also reasoned that it was within Judge Pater's jurisdiction to perform the task of signing warrants, regardless of whether his signing this particular command page of the search warrant was "void or voidable as taken in excess of that jurisdiction."

On appeal, Creech argues that Detective Crouch's failure promptly to disclose the non-signature caused Creech's continued detention without probable cause, and that Judge Pater's retroactively signing the warrant's command page was a nonjudicial act taken in the complete absence of all jurisdiction.

Creech has failed to state a claim that Detective Crouch violated Creech's Fourth Amendment rights because Judge Pater's retroactive signature did not destroy probable cause. A claim for damages under § 1983 must state a violation of a federal constitutional or statutory right. 42 U.S.C. § 1983. Creech's theory is that Detective Crouch violated Creech's Fourth Amendment rights by failing promptly to disclose Judge Pater's failure to sign the command page of the warrant, because his discovery that the signature was missing dissolved probable cause, and because his failure to disclose the signature's absence caused her to stay in jail

without probable cause.[1]  Materially exculpatory information may dissolve probable cause, and suppression of that evidence may therefore lead to detention without probable cause in violation of the Fourth Amendment.  *Gregory v. City of Louisville*, 444 F.3d 725, 749–50 (6th Cir. 2006).  However, Judge Pater's failure to sign is not exculpatory information because it makes it neither more nor less likely that Creech committed the crime for which she was arrested.  The failure goes instead to the admissibility of the inculpatory evidence under Ohio law.  The admissibility affects proof at trial, but does not affect probable cause that Creech committed a crime.  Detective Crouch's failure promptly to disclose the evidentiary defect in the case against Creech may have violated Ohio's laws against, for example, malicious prosecution or abuse of process, but it did not cause Creech's detention without probable cause because it did not destroy probable cause.[2]

It is helpful to consider what the result would be if state law *permitted* a judge to correct a warrant, after execution of the warrant, if the judge determines that (1) there was probable cause, (2) the judge had properly determined before execution that there was probable cause and that the warrant should be approved, and (3) the failure to sign in the correct place was inadvertent.  Such a state-law provision would in no way undermine any interest protected by the Fourth Amendment.  The fact that Ohio does not have such a rule is accordingly a matter of purely state law.  Creech therefore has no § 1983 claim for a constitutional violation.

Judicial immunity independently bars the claim that Judge Pater violated Creech's substantive due process rights because when Judge Pater retroactively signed the command page of the warrant, he did so in his judicial capacity and within his jurisdiction.  "[S]tate judges are

---

[1] In the amended complaint, Creech also claimed that Detective Crouch's actions were "arbitrary or conscience [-]shocking in a constitutional sense" in violation of "traditional notions of fair play and decency" and therefore Creech's substantive due process rights.  But Creech thereafter consented to the dismissal of that claim.

[2] Detective Crouch also argues on appeal that if his conduct violated the Fourth Amendment, it did not violate "clearly established law," but we do not reach this alternative ground for affirmance.

absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). Judges, however, are not immune from suit for "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity," and "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). While Creech argues that Judge Pater's retroactively signing the command page was a crime and therefore a nonjudicial act, a judicial act in this context concerns not the criminality or legality of the particular act, but simply whether the "nature" or "function" of the act is something "normally performed by a judge." *Id.* at 12–13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Signing a warrant is a function normally performed by a judge, as Creech concedes. Moreover, Judge Pater did not act "in the complete absence of all jurisdiction" because Judge Pater had the authority to issue search warrants, as Creech also concedes. The limitation on judicial immunity applies not to improper exercises of jurisdiction, or even to conduct taken in "excess of jurisdiction," but only to conduct taken categorically without jurisdiction, like the conduct of "a probate court, invested only with authority over wills and the settlement of estates of deceased persons, . . . [that] proceed[s] to try parties for public offences." *Bradley v. Fisher*, 80 U.S. 335, 351–52 (1871).[3]

The judgment of the district court is affirmed.

---

[3] Judge Pater also argues two alternative grounds for affirmance—the *Rooker-Feldman* doctrine's prohibition on a federal district court's review of state court decisions and the failure to state a claim of constitutional violation—which we do not reach.